UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARTINEZ W. WRIGHT,**

    **Plaintiff,**

v.                                            Case No.: 8:16-cv-3018-T-36AAS

**CITY OF TAMPA PUBLIC WORKS,
CALVIN JOHNSON, JAMES T. HARGRETT,
and CITY OF TAMPA CONTRACT
ADMINISTRATION**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff's **Affidavit of Indigency** (Doc. 2), which the Court construes as a motion for leave to proceed *in forma pauperis*.[1]

On November 14, 2016, upon review of Plaintiff's Complaint (Doc. 1), the Court deferred ruling on Plaintiff's request to proceed *in forma pauperis*. (Doc. 6). The Court ordered Plaintiff to file an amended complaint that invokes this Court's jurisdiction, states a cognizable claim, and complies with the Federal Rules of Civil Procedure. (*Id.*). Plaintiff thereafter timely filed an amended complaint (Doc. 7).

However, Plaintiff's Amended Complaint (Doc. 7) does not remedy the deficiencies the Court identified in its November 14th Order. The Amended Complaint, again, fails to contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

---

[1] The motion has been referred to the undersigned for disposition or a Report and Recommendation (Doc. 2). *See* 28 U.S.C. § 636(b); Local Rules 6.01(b) and (c), M.D. Fla.

Additionally, the Amended Complaint, which purportedly seeks punitive damages for claims of fraud, oppression and malice, vaguely describes a code enforcement dispute related to a post placed on Plaintiff's property and a threatened arrest, and then refers generally to first amendment rights on public and private property. (Doc. 7 at 2-4). The Amended Complaint also attaches, without explanation, miscellaneous records with hand written annotations, a portion of a newspaper article about a state court judge, various property tax-related documents, a probate document, a property description, a photo of the property, a Hillsborough County Judgment Certificate of Delinquency, instructions for filing a right-of-way vacating petition, part of a letter from the City of Tampa regarding a code violation, a handwritten note that Plaintiff's previous attorney became a state court judge, and part of what appears to be a Tampa Police Department memorandum with the subject "Service Related Inquiry 09S-020." (*id.* at 5-21).

Upon review, nothing in the Amended Complaint alleges sufficient facts to state a claim that invokes the Court's jurisdiction or to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(1), (6).

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's construed Motion For Leave to Proceed *In Forma Pauperis* (Doc. 2) be **DENIED**; and

(2) Plaintiff's Amended Complaint (Doc. 7) be **DISMISSED** for lack of jurisdiction and for failure to state a claim.

**DONE AND ORDERED** in Tampa, Florida on this 22nd day of December, 2016.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

2